# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

IN RE: John C. Spray

Jessica Spray

DEBTORS

CASE NO.: 11-10501-JDW

## ORDER CONFIRMING THE DEBTOR'S PLAN, AWARDING A
## FEE TO THE DEBTOR'S ATTORNEY AND RELATED ORDERS

Following the meeting of creditors held pursuant to 11 U.S.C.§ 341 at which the debtor[1] appeared in person, or whose appearance was waived by order of this Court, to be examined by creditors and other interested parties, notice and an opportunity for objection to confirmation of the plan was provided to all interested parties. Any and all objections to confirmation of the debtor's plan have been resolved by prior order of this Court. The trustee having now recommended that the debtor's plan be confirmed pursuant to 11 U.S.C. § 1325, and the Court having considered this matter, does hereby find that:

A. Written notice of the meeting of creditors held pursuant to 11 U.S.C. § 341 and of the hearing on the confirmation of the plan was given as required by Rule 2002 of the Federal Rules of Bankruptcy Procedure[2];

B. The plan as presented for confirmation (hereinafter referred to as "the plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and the other applicable provisions of said Title[3];

C. Any fee, charges, or other amount required under Chapter 123 of Title 28, or by the plan, to be paid before confirmation has been paid;

D. The petition has been filed in good faith and not by any means forbidden by law;

E. The value, as of effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of Title 11 of the United States Code on such date;

F. With respect to each allowed secured claim provided for by the plan, the holder of such claim either accepted, or was deemed to have accepted, the plan as required by Section 1325 (a)(5);

---

[1] The debtor is hereinafter referred to in the masculine singular, even though this may be a joint case or if the debtor is female.

[2] All references to "Rule" or "Rules" shall be interpreted as referring to the Federal Rules of Bankruptcy Procedure unless the context indicates otherwise.

[3] All references herein to "Section" or "Sections" shall refer to those sections contained in Title 11 of the United States Code.

G. The plan attached to this order has been proposed in good faith.

H. Debtor has paid all amounts that are required to be paid under a domestic support obligation and that first became payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and

I. Debtor has filed all applicable Federal, State, and local tax returns as required by Section 1308.

J. If the trustee or the holder of an allowed unsecured claim objected to the confirmation of the plan, then the court finds that the plan complies with Section 1325 (b);

IT IS ORDERED THAT:

1. The debtor's plan is confirmed.

2. The debtor , or his employer, shall make the payments to the trustee required by the plan as confirmed or as hereafter modified. If the debtor does not cause such payments to be timely made, the trustee may order as contemplated by Section 542(b) or request the Court to order pursuant to Section 1325©) any entity from whom the debtor receives income to pay all or any part of such income to the trustee.

3. The debtor shall, when practicable, obtain the approval of the trustee prior to incurring additional consumer debt. The failure to obtain such approval, if practicable, may cause the claim for such debt to be disallowable to the creditor [Section 1305 ©)], and the debt to be non-dischargeable as to the debtor [Section 1328(d)].

4. All property shall remain property of the estate and shall vest in the debtor only upon dismissal, discharge, or conversion. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the trustee.

5. The trustee shall:
   a.. Keep a detailed record of all receipts, including the source or other identification of each receipt, and of all disbursements [Section 1302(b)(1); and
   b. Deposit all funds received by the trustee under the plan with any entity which provides insurance, guaranties, or deposits in the manner prescribed by Section 345.

6. Pursuant to Section 1326, payments shall be in the following order unless otherwise directed:

   a. Any unpaid claim of the kind specified in Section 507 (a)(2);
   b. The percentage fee fixed for the trustee pursuant to Section 1302 (a) or Section 586 (e)(1)(B), if applicable;

    c. Any compensation due to a chapter 7 trustee pursuant to Section 1326 (b)(3);

    d. Creditors whose claims are timely filed and allowed in such amounts and order of preference as may be provided by the plan or as may be required to provide adequate protection of the interest of any entity with an interest in the property of the estate.

7. The trustee, the debtor and attorney for the debtor shall examine proofs of claim, or summaries thereof, and shall object to the allowance of improper claims as provided by Section 704(a)(5) and any applicable local rule.

8. The trustee shall at least once each year provide debtor and debtor's counsel a report showing the funds received and the disbursements made by him since the date of the last report, and shall upon completion of the plan file with the Court a final report and account containing or incorporating by reference a detailed statement of receipts and disbursements.

9. Ninety days after the final distribution, the trustee shall stop payment of all checks that remain outstanding and unpaid and file with the Clerk of the Court a list of the names and addresses, so far as known, of the persons entitled to such payments and the amounts thereof. The unclaimed funds shall be paid into the Court and disposed of under Chapter 129 of Title 28 [Section 347 and Rule 3001].

## ALLOWANCE OF ATTORNEY'S FEES

The application by the attorney for the debtor for the allowance of reasonable compensation as authorized by Section 330 having been considered, the court finds that a reasonable fee for the services performed and undertaken by such attorney is $2,800.00, of which $ 377.00 was paid to such attorney prior to the filing of the petition initiating this proceeding.

The balance of such fee ($2,423.00) shall be paid by the trustee from the monies received under the debtor's plan, provided, however, that such payments shall be deferred in time to payments, if any, which may be required to provide adequate protection of the interest of the holders of any secured claims.

_David W. Houston, III_

U.S. BANKRUPTCY JUDGE

5/13/11

Approved:

_____

C. Gaines Baker Attorney for the Debtor

Rev. 1\2010

**CHAPTER 13 PLAN**
**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**          CASE NO. 11-10501

Debtor: John Spray ............................ SSN XXX-XX- 1349 .... Current Monthly Income $..............................

Joint Debtor: Jessica Spray ...................... SSN XXX-XX- 5883 ....Current Monthly Income $..............................

Address: 507 HWY 310, Como  MS  38619 ................................ No. of Dependents: 0 ........

Telephone No.: ............................. TAX REFUNDS AND EIC FOR DISTRIBUTION: NONE ..............................

**THIS PLAN DOES NOT ALLOW CLAIMS. Creditors must file a proof of claim to be paid under any plan that may be confirmed, and the treatment of all secured/priority debts must be provided for in this plan.**

**PAYMENT AND LENGTH OF PLAN**
The plan period shall be for a period of ..60...... months, not to exceed 60 months. Debtor or Joint Debtor will make payments directly to the Trustee ONLY if self-employed, unemployed or the recipient of government benefits.

(A)    Debtor shall pay $..0.00........................ per ( ☐ monthly ☐ semi-monthly ☐ weekly ☐ bi-weekly)
to the Chapter 13 Trustee. A payroll deduction order will be issued to Debtor's employer at:

Giles Fire Protection ..............................................

3749 Getwell Cove ..............................................

Memphis, TN 38118...............................................

(B)    Joint debtor shall pay $..401.50....... per ( ☐ monthly ☐ semi-monthly ☐ weekly ■ bi-weekly)
to the Chapter 13 Trustee. A payroll deduction order will be issued to Joint debtor's employer at:

Oxford Endocrinology Consultants, PC ....................

512 Azalea Drive ..............................................

Oxford, MS 38606 ..............................................

**PRIORITY CREDITORS**
Filed claims that are not disallowed to be paid in full:                IRS $ 0.00 .................... @ $ 0.00 ....../month
State Tax Commission $ 0.00.................. @ $ 0.00 ...../month     Other $ 0.00 .................... @ $ 0.00 ......./month

DOMESTIC SUPPORT OBLIGATIONS (POST-PETITION) DUE TO: N/A ..............................................

..............................................................................................

..............................................................................................

in the amount of $.................shall be paid $............................./month beginning ..............................
                                                                    (☐ direct ☐ through payroll deduction ☐ through the plan)

PRE-PETITION DOMESTIC SUPPORT ARREARAGE    DUE TO: N/A ..............................................

..............................................................................................

..............................................................................................

through ....................... in the amount of $............................. shall be paid at $.................../month
                                                                    (☐ direct ☐ through payroll deduction ☐ through the plan)

**HOME MORTGAGE(S)**
MTG PMTS TO:........................................ BEGINNING....................@$............ ☐ PLAN ☐ DIRECT
MTG PMTS TO:........................................ BEGINNING....................@$............ ☐ PLAN ☐ DIRECT
MTG PMTS TO:........................................ BEGINNING....................@$............ ☐ PLAN ☐ DIRECT

MTG ARREARS TO:.......................THROUGH....................$...................@$................/MO*
                                                                    (*Including interest at 0        %)

MTG ARREARS TO:.......................THROUGH....................$...................@$................/MO*
                                                                    (*Including interest at 0        %)

MTG ARREARS TO:.......................THROUGH....................$...................@$................/MO*
                                                                    (*Including interest at 0        %)

Debtor's Initials: JS ......... Joint Debtor's Initials: JS .....        CHAPTER 13 PLAN, PAGE...1... OF ..2...

**SECURED CLAIMS** Creditors that have filed claims that are not disallowed are to retain lien(s) under 11 U.S.C. 1325(a)(5)(B)(i) until plan is completed and be paid as secured claimant(s) the sum set out in the column "Total Amt. to be Paid" or pursuant to Order of the Court. That portion of the claim not paid as secured shall be paid as an unsecured claim.

| Creditor's Name | Collateral | Approx. Amt. Owed | Value | Interest Rate | Total Amt. To Be Paid | Monthly Payment |
|---|---|---|---|---|---|---|
| First Franklin Financial | 99 Toyota Avalon | 2319.88 | 4930.00 | 18% | 3324.38 | 58.91 |
| Toyota Motor Credit | 05 Toyota Tundra | 13,791.35 | 12,345.00 | 7% | 15818.88 | 264.04 |
| HSBC – 2004 Honda ATV co-debtor | | 2538.00 | | 15% | 3,622.80 | 60.38 |

**SPECIAL CLAIMANTS** (Co-signed debts, collateral for abandonment, etc.) ON ABANDONED COLLATERAL. DEBTOR TO PAY ZERO ON SECURED PORTION OF DEBT. Where proposal is for payment, creditor must file a proof of claim to receive proposed payment.

| Creditor's Name | Collateral or Type of Debt | Approx. Amt. Owed | Proposal To Be Paid |
|---|---|---|---|
| HSBC | 2004 Honda ATV 2006 Polaris ATV | 10,946.00 | surrender |
| Fed Loan Servicing | student loan | 1,128.00 | @6% - 21.81/month |
| Fed Loan Servicing | student loan | 3,310.00 | @6% - 63.99/month |
| Mehta Sallie Mae | student loan | 4,357.00 | @6% - 84.23/month |
| Mehta | student loan | 1,612.00 | @6% - 31.20/month |
| Mehta | student loan | 1,523.00 | @6% - 29.42/month |
| Mehta | student loan | 1,497.00 | @6% - 28.94/month |

*Pay all student loans as general unsecured claims per IAW 4.29.11*

> $8940.01

**SPECIAL PROVISIONS** for all payments to be paid through the plan, including but not limited to, adequate protection payments:.................................................................................................................................................................

**UNSECURED DEBTS** totaling approximately $...........28,857.00...........are to be paid in deferred payments to Creditors that have timely filed claims that are not disallowed: ............... IN FULL or ....tbd....% (percent) minimum.

Total Attorney Fees Charged $...2,800.00.................

Attorney Fees Previously Paid $..377.00..........................

Attorney fees to be paid through the plan $..2,423.00.........

Pay administrative costs and debtor's attorney fees pursuant to Court Order and/or local rules.

Name/Address/Phone No. of Vehicle Insurance Co./Agent
...................................................................................
...................................................................................

Telephone/Fax.................................................................

Attorney for Debtor (Name/Address/Phone/Email)
C. Gaines Baker
136 Public Square, CG Baker Bldg, Suite One
Batesville, MS 38606
Telephone/Fax..(662)563-9385/(662)561-0743
E-mail Address..cgbaker@panola.com (Court use only)

DATE: 3 Feb, 2011

DEBTOR'S SIGNATURE ..................................................

JOINT DEBTOR'S SIGNATURE ..................................................

ATTORNEY'S SIGNATURE ..................................................

CHAPTER 13 PLAN, PAGE 2 OF ...2......